IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY<br>Penn National Plaza<br>2 North Second Street<br>Harrisburg, Pennsylvania 17105<br><br>          Plaintiff<br><br>v.<br><br>CUTTING EDGE FLOOR COVERING, INC.<br>31431 Jim Davis Road<br>Galena, Maryland 21635<br><br>     SERVE ON<br>     RESIDENT AGENT<br>     Kennard C. Coleman, II<br>     31431 Jim Davis Road<br>     Galena, Maryland 21635<br><br>And<br><br>LAWRENCE STEWART<br>P.O. Box 25<br>Millington, Maryland 21615<br><br>And<br><br>PHILLIP WALLACE, JR.<br>12024 Augustine Herman Highway<br>Kennedyville, Maryland 21645<br><br>          Defendants | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br><br>Civil Action No.:_____ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Pennsylvania National Mutual Casualty Insurance Company (hereinafter "Penn National"), by and through its counsel, Marc A. Campsen and Wright, Constable & Skeen,

{00397670v. (14232.00011)}

L.L.P., states the following for its Complaint for Declaratory Judgment against the Defendants Cutting Edge Floor Covering, Inc. ("Cutting Edge"), Lawrence Stewart ("Stewart") and Phillip Wallace, Jr. ("Wallace").

1. This is an action for declaratory judgment brought under Rule 57 of the Federal Rules of Civil Procedure and Title 28, Section 2201 of the United States Code, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Penn National and the Defendants.

## Jurisdiction and Venue

2. This Court has original jurisdiction over this action under the provisions of Title 28, Section 1332 of the United States Code, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3. The venue of this action is properly predicated on Title 28, Section 1391(b)(1) and (b)(2) of the United States Code, in that jurisdiction is founded on diversity of citizenship and this action is brought within a judicial district and division in which a substantial part of the events or omissions giving rise to the claim occurred, in which at least one Defendant is domiciled, and/or in which at least one Defendant is subject to personal jurisdiction.

## Parties

4. Penn National is a citizen of Pennsylvania, being a mutual company organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Harrisburg, Pennsylvania. Penn National is not a citizen of the State of Maryland.

5. Cutting Edge is a citizen of Maryland, being a corporation formed and existing under the laws of the State of Maryland, with its principal place of business located at Galena, Maryland. Cutting Edge is not a citizen of Pennsylvania.

6. Stewart is a citizen of Maryland, being a natural person domiciled in Millington, Maryland. He is not a citizen of Pennsylvania.

7. Wallace is a citizen of Maryland, being a natural person domiciled in Kennedyville, Maryland. He is not a citizen of Pennsylvania.

## Statement of Facts

**A.  The Penn National Policy**

8. Penn National issued a commercial automobile insurance contract to Cutting Edge, contract number AX9 0738979 00, for the contract period June 6, 2017, through June 6, 2018 (the "Penn National Policy"). Cutting Edge is the Named Insured on the Penn National Policy.

9. The Penn National Policy specifically included a 2007 Ford Econoline, V.I.N. 1FTSS34L77DA64922, owned by Cutting Edge (the "Vehicle").

10. The Penn National Policy provides the following coverage:

Throughout this policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations. The words 'we', 'us' and 'our' refer to the company providing this insurance.

\*   \*   \*

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'…

**1. Who Is An Insured**

The following are 'insureds":

a. You for any covered 'auto'.
b. Anyone else while using with your permission a covered 'auto' you own, hire or borrow[.]

11. This initial grant of coverage is limited by certain relevant exclusions:

**B. Exclusions**

This insurance does not apply to any of following:

**3. Workers' Compensation**

Any obligation for which the 'insured' or the 'insured's' insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

**4. Employee Indemnification And Employer's Liability**

'Bodily injury' to:

a. An 'employee' of the 'insured' arising out of and in the course of:

(1) Employment by the 'insured'; or
(2) Performing the duties related to the conduct of the 'insured's' business;…

This exclusion applies:

(1) Whether the 'insured' may be liable as an employer or in any other capacity; and
(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

12. The Penn National Policy's initial grant of coverage is further limited as follows:

**SECTION IV – BUSINESS AUTO CONDITION**

**B. General Conditions**

**5. Other Insurance**

d. When this coverage form and any other coverage form or policy covers on

the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our coverage form bears to the total of the limits of all the coverage forms and policies covering on the same basis.

**B.    The Relationship Between Cutting Edge, Stewart and Wallace**

13.    Cutting Edge operates a flooring installation business.

14.    Cutting Edge subcontracts certain floor installation projects to Stewart as an independent contractor.

15.    Upon information and belief, Stewart maintains automobile and commercial general liability insurance coverage ("Stewart Insurance Policies").

16.    Stewart employs Wallace.

17.    Stewart and Wallace are not listed on the Penn National Policy.

18.    Cutting Edge loaned the Vehicle to Stewart because Stewart's personal vehicle broke-down. Cutting Edge permitted Stewart to use the vehicle to travel to and from Cutting Edge projects on which Stewart was hired to work as an independent contractor. Cutting Edge also permitted Stewart to keep the Vehicle at his home after work hours.

**C.    The Occurrence**

19.    On February 21, 2018, Stewart was driving the Vehicle in or around Galena, Maryland after completing a project for Cutting Edge. Wallace was a passenger in the Vehicle.

20.    While Stewart was driving the Vehicle, he lost control of the Vehicle and crashed into a tree (the "Occurrence").

21.    Wallace sustained significant injuries as a result of the Occurrence.

<u>**Declaratory Judgment**</u>

22.    Penn National hereby incorporates its previous averments.

23.    Maryland law governs the parties' rights under the Penn National Policy.

24. Because Stewart was driving the Vehicle with the permission of Cutting Edge, he satisfies the definition of "insured" under the Penn National Policy.

25. Because Wallace was the employee of Stewart, the Penn National Policy exclusions "Workers' Compensation" and "Employee Indemnification and Employer's Liability" exclude coverage entirely for Wallace for any bodily injury sustained as a result of the Occurrence.

26. To the extent that coverage is not excluded entirely under the relevant Penn National Policy exclusions, because Stewart maintains the Stewart Insurance Policies, Penn National's obligations under the Penn National Policy are mitigated by the amount of insurance coverage provided by the Stewart Insurance Policies for Wallace's bodily injury arising from the Occurrence.

27. There exists a justiciable controversy of such immediacy between Penn National and the Defendants that this Court should declare the parties' respective rights to avoid the incorrect attribution of damages to Penn National.

WHEREFORE, Penn National respectfully prays that this Court enter an Order, adjudging, ordering, and decreeing that:

A. The Penn National Policy exclusions "Workers' Compensation" and "Employee Indemnification and Employer's Liability" exclude coverage entirely for Wallace for any bodily injury sustained as a result of the Occurrence; and

B. To the extent that coverage is not excluded entirely under the relevant Penn National Policy exclusions, because Stewart maintains the Stewart Insurance Policies, Penn National's obligations under the Penn National Policy are reduced by the amount of coverage

afforded by the Stewart Insurance Policies for Wallace's bodily injury arising out of the Occurrence; and

  C. Penn National is awarded all such other and further relief that the Court deems appropriate and just.

            Respectfully submitted,

            _/s/ Marc A. Campsen_
            Marc A. Campsen (Bar No. 29791)
            Wright, Constable & Skeen, L.L.P.
            7 Saint Paul Street
            Baltimore, Maryland 21202
            Phone:  410-659-1300
            Fax:  410-659-1350
            mcampsen@wcslaw.com

            *Counsel for Plaintiff, Pennsylvania National*
            *Mutual Casualty Insurance Company*